1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   DANIEL C. RAMSEY,                          CASE NO. 1:11-cv-00933 GSA PC

10                    Plaintiff,               ORDER DISMISSING COMPLAINT, WITH
                                               LEAVE TO FILE AMENDED COMPLAINT
11       v.                                    WITHIN THIRTY DAYS

12   M. D. BITER,  et al.,                     (ECF No. 1)

13                    Defendants.
                                         /
14

15                              **Screening Order**

16   **I.     Screening Requirement**

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to

19   28 U.S.C. § 636(c).

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   <u>Plaintiff's Claims</u>

The events at issue in this action occurred at Kern Valley State Prison, where Plaintiff is currently housed.  Plaintiff names as defendants the following individuals: M. D. Biter, KVSP Warden; T. Brewer, Chief Executive Officer; L. Zamora, Chief of Prison Health Care Services; B. Quattlebaum, Chief Executive Officer, KVSP Health Care Appeals; John Doe oral surgeon. Plaintiff's claim stems from the extraction of his wisdom teeth.

On June 7, 2010, Plaintiff had his wisdom teeth extracted at the Central Valley Clinic. Plaintiff alleges that, as a result, he suffered from damaged nerves.  Between June 13, 2010, and June 20, 2010, Plaintiff was seen by Dr. Mai at KVSP.  Dr. Mai advised Plaintiff that he had an infection, and prescribed medication to address the infection.  Dr. Mai also told Plaintiff that the numbness in his mouth was a result of nerve damage, "and he believed there's nothing could be done to cure it."    On June 20, 2010, Plaintiff filed an inmate grievance, requesting that he be evaluated by a neurologist. On August 11, 2010, Plaintiff was referred to Dr. Garcia, a dentist at KVSP.  Dr. Garcia referred Plaintiff to an outside oral surgeon.  Plaintiff alleges that between August 24, 2010, and October 3, 2010, he was evaluated by an outside oral surgeon.  The oral surgeon confirmed that "there is no cure for nerve damage that Plaintiff had."

On October 3, 2010, Plaintiff requested further evaluation by a neurologist.  Plaintiff's request was denied by KVSP Chief Executive Officer T. Brewer.  Plaintiff continued to file

1    grievances, which were denied.  Plaintiff alleges that he still suffers from numbness and pain.

2        A.    **Medical Care**

3        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

4    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

5    (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

6    test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

7    demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

8    the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

9    deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

10   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

11   Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

12   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

13   by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

14   in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

15   make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely

16   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

17        1.    **John Doe**[1]

18        As to Defendant Dr. John Doe, Plaintiff has clearly alleged that he caused harm to Plaintiff.

19   Plaintiff alleges that Defendant John Doe pulled his wisdom teeth, and as a result, Plaintiff suffers

20   from permanent nerve damage.  Plaintiff's allegations, however, do not state a claim for deliberate

21   indifference.  The facts alleged by Plaintiff indicate, at most, negligence.  Mere 'indifference,'

22   'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter

23   Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also

24   Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).  Plaintiff's claim as to John Doe must

25   therefore be dismissed.  Plaintiff will, however, be provided with one opportunity to file an amended

26

27        [1]Further, the Court can not order service upon an unidentified defendant.   In addition to alleging facts
28   indicating that Defendant Doe acted with deliberate indifference to a serious medical need, Plaintiff must identify
     Defendant Doe.

complaint that cures this deficiency.

Although Plaintiff alleges that he is still in pain, he has not alleged any facts suggesting that any of the defendants are denying him treatment for his pain.  Plaintiff has not alleged that he presented to medical personnel complaining of pain, or that any of the defendants denied such a request.  That Plaintiff's nerve damages is, in the opinion of medical officials, untreatable, does not subject defendants to liability for failure to treat it.

## 2. Supervisory Defendants

The remaining defendants are employed in a supervisory capacity.  Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff has not alleged any facts suggesting that any of the supervisory defendants personally participated in any constitutional violation.

Further,  Actions in reviewing an inmate grievance alone are not sufficient to demonstrate liability under § 1983.  "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."  Ellington v. Clark, 2010 WL 3001427, (E.D. Cal. July 29, 2010) citing George v. Smith, 507 F.3d 604, 609 (7th Cir. 2007).  For a supervisory defendant to be liable, there must be either personal involvement or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam)(citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)).  The supervisory defendants cannot, therefore, be held liable for denying Plaintiff's inmate grievances.

**III.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this

action be dismissed, with prejudice, for failure to state a claim.



IT IS SO ORDERED.

**Dated:**    **January 11, 2012**                    _____ /s/ **Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE