1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY, | 1:11-cv-00933-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 15.) |
| v. | |
| M. D. BITER, et al., | |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| _____/ | ORDER DIRECTING CLERK TO CLOSE CASE |

## I.      RELEVANT PROCEDURAL HISTORY

Daniel C. Ramsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 9, 2011.  (Doc. 1.)  On June 16, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on December 19, 2011, dismissing the Complaint for failure to state a claim, with leave to amend.

1

1  (Doc. 11.)  On March 2, 2012, Plaintiff filed an Amended Complaint, which is now before the Court

2  for screening.  (Doc. 15.)

3  **II.  SCREENING REQUIREMENT**

4       The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12       A complaint must only contain "a short and plain statement of the claim showing that the

13  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

14  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell

16  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set

17  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.

18  While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

19  **III.  PLAINTIFF'S ALLEGATIONS AND CLAIMS**

20       The events at issue in this action allegedly occurred at Kern Valley State Prison ("KVSP")

21  in Delano, California, where Plaintiff is presently incarcerated.  Plaintiff names as defendants Serge

22  V. Verne, DDS, MD (oral surgeon) and T. Brewer.

23       Plaintiff's claims in this action stem from the extraction of his wisdom teeth on June 9,

24  2010 by defendant Verne.  Plaintiff claims that he suffers from nerve damage with pain, and that

25  he also caught an infection, as a result of the dental surgery.  On June 20, 2010, Plaintiff filed an

26  inmate grievance, requesting that he be evaluated by a neurologist.  On August 11, 2010, Plaintiff

27  was referred to Dr. Garcia, a dentist at KVSP, who referred him to an outside oral surgeon.  On

28  ///

2

August 30, 2010, Plaintiff saw the oral surgeon who confirmed the damage and told Plaintiff that nothing could be done about it.  Plaintiff asked for pain medication, and was told to ask prison officials to prescribe medication.  Defendant told Plaintiff he could not prescribe the pain medication because it was a nerve problem.

On September 30, 2010, Plaintiff was evaluated by Mr. Pato who told Plaintiff that nothing can be done about the nerve damage. Plaintiff claims that he was not warned about possible nerve damage or even told about the nerve near the roots of his teeth before the surgery.

On October 3, 2010, Plaintiff filed an inmate grievance after he was told the pain medications had to be re-prescribed after review by a neurologist.  Plaintiff's request for treatment or review by a neurologist was denied by KVSP Chief Executive Officer T. Brewer.

Plaintiff still suffers from numbness and pain.  Plaintiff requests money damages, an evaluation by an outside neurologist, pain medication, and a transfer to Lancaster State Prison.

A.    **Eighth Amendment – Medical Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.   Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate

1    indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State

2    Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

3         "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

4    1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the

5    facts from which the inference could be drawn that a substantial risk of serious harm exists,' but

6    that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer v. Brennan, 511 U.S.

7    825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but

8    was not, then the official has not violated the Eighth Amendment, no matter how severe the

9    risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

10   "A showing of medical malpractice or negligence is insufficient to establish a constitutional

11   deprivation under the Eighth Amendment.  Id. at 1060.  "[E]ven gross negligence is insufficient

12   to establish a constitutional violation."  Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334

13   (9th Cir. 1990)).

14        "A difference of opinion between a prisoner-patient and prison medical authorities

15   regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337,

16   1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course

17   of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

18   that they chose this course in conscious disregard of an excessive risk to plaintiff's health."

19        Plaintiff has alleged that he suffers from pain and numbness after dental surgery, which

20   indicates a serious medical need.  However, Plaintiff has not alleged any facts demonstrating that

21   defendant Dr. Verne knew of and disregarded an excessive risk to Plaintiff's health and safety

22   when administering dental care to Plaintiff.  At most, Plaintiff states a claim for negligence.

23   Moreover, although Plaintiff alleges that he is still in pain, he has not alleged any facts

24   suggesting that any of the defendants are denying him treatment for his pain.  Plaintiff has not

25   alleged that he presented to medical personnel complaining of pain, or that any of the defendants

26   denied such a request. That Plaintiff's nerve damage is, in the opinion of medical officials,

27   untreatable, does not subject defendants to liability for failure to treat it.  Therefore, Plaintiff fails

28   to state an Eighth Amendment claim, and this claim must be dismissed.

4

### B.   Prison Appeals Process

Plaintiff alleges that he filed a prison appeal requesting treatment or review by a neurologist for nerve damage, and defendant T. Brewer, Chief Executive Officer at KVSP, denied his request.  Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495. Therefore, Plaintiff's claim against defendant Brewer must be dismissed.

## IV.   CONCLUSION AND ORDER

The Court has screened Plaintiff's Amended Complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints in this action without alleging facts against any of the Defendants which state a cognizable claim under § 1983.  Plaintiff appears incapable of curing the deficiencies outlined above by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1.      This action is DISMISSED with prejudice, for failure to state a claim upon which relief may be granted under § 1983, and all pending motions are DENIED as moot;

2.      This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3.      The Clerk is directed to CLOSE this case.


IT IS SO ORDERED.

**Dated:**   **April 26, 2012**          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE